# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| NORMAN SHAW, ) | |
| ) | |
| Petitioner, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No.   07-2305-CM |
| ) | No.   05-20073-CM |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

On February 1, 2006, the government charged petitioner in a two-count superseding indictment. Petitioner entered into a plea agreement with the United States and pleaded guilty to Count One, which charged him with entering a bank with intent to rob it, and Count Two, which charged him with the robbery of another bank, both in violation of 18 U.S.C. § 2113(a). The plea agreement contained a waiver of appeal and collateral attack.

On July 20, 2006, the court sentenced petitioner to concurrent terms of imprisonment of 165 months for each count. Petitioner then filed a *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody on July 10, 2007 (Doc. 59), which he amended on July 16 (Doc. 60). Petitioner claims that (1) this court wrongly sentenced him as a career offender, which was neither alleged in the indictment nor addressed in the plea agreement; (2) there was insufficient evidence to prove his guilt on Count One; and (3) his counsel was ineffective for failing to: (a) obtain a three-level reduction for acceptance of responsibility, (b) object to the application of the career offender guideline at sentencing and/or appeal the application of that guideline, (c) address other guideline enhancements at sentencing or on appeal, and (d) investigate

the government's evidence.

The plea agreement contains a waiver of petitioner's right to bring a collateral attack. The court therefore turns to whether the waiver is enforceable as to petitioner's claims.

**I.     Plea Agreement Waiver**

The government asks the court to enforce the plea agreement based on petitioner's waiver of his right to collaterally attack any matter in connection with his prosecution, conviction, and sentence. The court will hold a defendant and the government to the terms of a lawful plea agreement. *United States v. Arevalo-Jimenez*, 372 F.3d 1204, 1207 (10th Cir. 2004); *United States v. Atterberry*, 144 F.3d 1299, 1300 (10th Cir. 1998). Generally, a knowing and voluntary waiver of § 2255 rights is enforceable. *United States v. Cockerham*, 237 F.3d 1179, 1181 (10th Cir. 2001). The court applies a three-pronged analysis to evaluate the enforceability of such a waiver, in which the court must determine: (1) whether the scope of the waiver covers the disputed issue; (2) whether the defendant knowingly and voluntarily waived his rights; and (3) whether enforcement of the waiver would result in a miscarriage of justice. *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004).

*A.     Scope of the Waiver*

In determining whether the disputed issue falls within the scope of the waiver, the court begins with the plain language of the plea agreement. *United States v. Anderson*, 374 F.3d 955, 957 (10th Cir. 2004); *Hahn*, 359 F.3d at 1328. The pertinent provision in petitioner's plea agreement provides:

> **Waiver of Appeal and Collateral Attack.** The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with his prosecution, conviction, and sentence. The defendant is aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence. By entering into

this agreement, he knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. He also waives any right to challenge his conviction or sentence (or the manner in which either was determined) in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)], as well as any motion brought under 18 U.S.C. § 3582(c)(2) and/or Fed. R. Civ. P. 60(b). In other words, he waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable guideline range determined by the court. However,if the United States exercises its right to appeal the sentence imposed as authorized by 18 U.S.C. § 3742(b), he is released from this waiver and may appeal his sentence as authorized by 18 U.S.C. § 3742(a).

The court construes the plea agreement "according to contract principles and what the defendant reasonably understood when he entered his plea." *Arevalo-Jimenez*, 372 F.3d at 1206 (internal quotation and citations omitted). The court strictly construes the waiver and resolves any ambiguities against the government. *Hahn*, 359 F.3d at 1343.

In the case at hand, petitioner claims that (1) this court wrongly sentenced him as a career offender, which was neither alleged in the indictment nor addressed in the plea agreement; (2) there was insufficient evidence to prove his guilt on Count One; and (3) his counsel was ineffective for several reasons, none involving negotiation of the plea agreement.[1] All of these claims fall squarely within the waiver in the plea agreement, in which petitioner agreed that he would not collaterally attack any matter in connection with his prosecution, conviction, and sentence.

To the extent that petitioner attempts to characterize his first claim as one challenging the validity of the plea agreement, his argument fails. The Tenth Circuit has held that a challenge to a

---

[1] Two of petitioner's claims involve allegations that counsel failed to file an appeal. The Tenth Circuit has held recently in unpublished opinions that allegations that counsel failed to file an appeal fall within the scope of plea agreement waivers. *See, e.g., United States v. Macias*, 229 Fed. App'x 683, 687 (10th Cir. 2007); *United States v. Davis*, 218 Fed. App'x 782, 784 (10th Cir. 2007). In any event, petitioner's allegations that his counsel failed to file an appeal are conclusory and insufficient to state a claim for relief. *See Hatch v. Okla.*, 58 F.3d 1447, 1457, 1471 (10th Cir. 1995), *overruled on other grounds by Daniels v. United States*, 254 F.3d 1180, 1188 n.1 (10th Cir. 2001).

career offender enhancement falls within similar plea agreement waivers. *See, e.g., United States v. Noble*, 175 Fed. App'x 185, 189 (10th Cir. 2006). Petitioner has not alleged that the government or his counsel induced him into entering the plea agreement by affirmatively making false representations or other agreements about his potential career offender status. In any event, the plea agreement specifically provides that it "embodies each and every term of the agreement between the parties." The plea agreement further provides that "[t]he defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot make and has not made any promise or representation as to what sentence he will receive." The court finds that all of petitioner's claims fall within the scope of the waiver.

## B.     *Knowing and Voluntary*

The concluding paragraph of the plea agreement, immediately prior to the signatures of the parties, provides:

> The defendant has had sufficient time to discuss this case, the evidence, and this agreement with his attorney and he is fully satisfied with the advice and representation provided by his counsel. Further, he acknowledges that he has read this plea agreement, understands it, and agrees it is true and accurate and not the result of any threats, duress or coercion. The defendant also understands that this plea agreement supersedes any and all other agreements or negotiations between the parties, and that this agreement embodies each and every term of the agreement between the parties. The defendant acknowledges that he is entering into this agreement and is pleading guilty because he is guilty and is doing so freely and voluntarily.

The court has reviewed the record of the case. Relying on the record and the court's own independent recollection, *see United States v. Scully*, 798 F.2d 411, 412 (10th Cir. 1986) (providing that the district court may rely on its personal recollection, as long as it also reviews the record where available), the court finds that the factual circumstances surrounding the plea in this case serve as compelling evidence that petitioner voluntarily and knowingly entered a plea. The court

notes that petitioner engaged in *pro se* activity early in the case, was appointed several attorneys, and underwent a psychological examination. But all of this occurred before petitioner entered his plea of guilty. During and after the guilty plea, petitioner appeared fully competent, showed understanding, and indicated that he was satisfied with his counsel. Nothing in the record suggests that petitioner's plea or waiver was unknowing or involuntary. Because petitioner is "bound by his solemn declarations in open court," *Lasiter v. Thomas*, 89 F.3d 699, 703–04 (10th Cir. 1996), the court finds that petitioner knowingly and voluntarily entered his plea.

## C.     *Miscarriage of Justice*

Enforcing a waiver results in a miscarriage of justice only if (1) the court relied on an impermissible factor such as race; (2) the petitioner received ineffective assistance of counsel in conjunction with the negotiation of the waiver; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful in the sense that it suffers from error that seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Hahn*, 359 F.3d at 1327. Petitioner bears the burden of showing that one of these factors is met. *Anderson*, 374 F.3d at 959 (citation omitted).

Petitioner has not met his burden as to any of these factors. As explained above, petitioner's allegations do not concern the negotiation of the waiver. Moreover, his sentence did not exceed the statutory maximum. The Tenth Circuit held in *United States v. Green*, 405 F.3d 1180, 1193 (10th Cir. 2005), that the "statutory maximum" in the case of appellate waivers refers to the upper limit of punishment that the legislature has specified for the violation. Here, the statutory maximum for either of petitioner's convictions is twenty years—240 months. The court sentenced defendant to concurrent terms of imprisonment of 165 months on each count, well below the statutory maximum.

To the extent that petitioner's arguments can be characterized as allegations that the waiver

-5-

is "otherwise unlawful" because the plea agreement did not specify that the court could sentence petitioner as a career offender and because the indictment did not charge him with being a career offender, his arguments fail.  Neither the plea agreement nor the indictment were required to mention the possibility that the court would sentence petitioner as a career offender pursuant to U.S.S.G. § 4B1.1.  *See United States v. Novey*, 922 F.2d 624, 627 (10th Cir. 1991) ("The Guidelines do not contain a requirement that the government file an information in order to rely upon prior offenses.") (citation omitted) (overruled on other grounds).

Petitioner has not met his burden of showing that a miscarriage of justice will result if the court enforces the plea agreement waiver.  The waiver is enforceable, and petitioner is not entitled to bring his claims.

## II.  Merits of Petitioner's First Claim

Even if petitioner's first claim—that it was a violation of Due Process for the court to sentence him as a career offender when neither the indictment nor the plea agreement indicated that he could be sentenced as such—falls outside of the plea agreement waiver, the claim lacks merit.  As noted above, the government was not required to give petitioner notice that he might be sentenced as a career offender under the Sentencing Guidelines.

## III.  Conclusion

The files and record before the court conclusively show that defendant is not entitled to relief.  Accordingly, no evidentiary hearing is required.  *See United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir. 1988) (holding that no hearing is required where factual matters raised by a § 2255 petition may be resolved on the record).

**IT IS THEREFORE ORDERED** that the Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Doc. 59), as amended by Doc. 60, is

-6-

denied.

      Dated this 29th day of November 2007, at Kansas City, Kansas.

                                                    s/ Carlos Murguia  
                                                    **CARLOS MURGUIA**  
                                                    **United States District Judge**