## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA   ) | |
| ) | |
| Plaintiff,   ) | **CRIMINAL ACTION** |
| ) | |
| v.   ) | **Case No. 05-20073-01-CM** |
| ) | |
| NORMAN SHAW JR.,   ) | |
| ) | |
| Defendant.   ) | |
| _____) | |

### MEMORANDUM AND ORDER

This case is before the court on defendant Norman Shaw Jr.'s Motion for Deferral of Restitution While Incarcerated (Doc. 77).  Defendant Shaw asks the court to order the Bureau of Prisons to cease forcing defendant to make restitution payments while incarcerated.  He claims that contrary to *United States v. Gunning*, 401 F.3d 1145 (9th Cir. 2005), *Soroka v. Daniels*, 467 F. Supp. 2d 1097 (D. Or. 2006), and 18 U.S.C. § 3664, this court delegated its responsibility to schedule restitution to the Bureau of Prisons or the probation office.

On one point, defendant is correct: *Gunning* and *United States v. Overhold*, 307 F. 3d 1231, 1255–56 (10th Cir. 2002) held that the district court cannot delegate the preparation of a payment schedule to the Bureau of Prisons or the probation office.  But such delegation has not happened here.  Rather, the court detailed the payment schedule in its amended judgment.

Defendant is incorrect that *Soroka* dictates that the court grant his motion.  *Soroka*, a District of Oregon decision, is not binding on this court.  And *Soroka* considered a situation in which the sentencing court had not established a schedule of restitution payments.  As mentioned above, the court set a schedule of restitution payments in this case.

Defendant has not presented a valid basis for relief, and the court denies his motion.

**IT IS THEREFORE ORDERED** that defendant's Motion for Deferral of Restitution While Incarcerated (Doc. 77) is denied.

Dated this 21st day of July 2009, at Kansas City, Kansas.

<u>**s/ Carlos Murguia**</u>
**CARLOS MURGUIA**
**United States District Judge**