# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| UNITED STATES OF AMERICA, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Case No. 05-20073-CM (Criminal) |
| NORMAN SHAW, JR., | ) 16-2437-CM (Civil) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This case is before the court on defendant Norman Shaw, Jr.'s pro se motions to vacate sentence pursuant to 28 U.S.C. § 2255 (Doc. 108) and for substantive relief based on *Johnson v. United States*, 135 S. Ct. 2551 (2015) (Doc. 109.) Defendant claims that the sentence enhancement based on his career offender status under U.S.S.G. § 4B1.1, is unconstitutional in light of *Johnson*. For the reasons set forth below, this court dismisses defendant's motions.

Defendant filed his current § 2255 motion on June 20, 2016. The Tenth Circuit granted defendant's request to file a successive § 2255 motion. However, the government moved to stay defendant's motion pending a decision from the United States Supreme Court in *Beckles v. United States*, 137 S. Ct. 886, 890 (2017), and the court granted the stay.

Recently, the Supreme Court held in *Beckles*, that the residual clause under U.S.S.G. § 4B1.2(a)(2)—"defining a 'crime of violence' as an offense that 'involves conduct that presents a serious potential risk of physical injury to another[]'"—was not unconstitutional. *Beckles*, 137 S. Ct. at 890 (holding that the advisory sentencing guidelines are not subject to vagueness challenges under the due process clause). *Beckles* abrogated the Tenth Circuit's decision in *United States v. Madrid*, 805 F.3d 1204, 1210 (10th Cir. 2015). *Beckles*, 137 S. Ct. at 886.

-1-

The court grants defendant's motions to lift the stay (Docs. 118 and 121.) However, the court finds that defendant's § 2255 motions are untimely. They were filed beyond one year from when defendant's conviction became final and *Beckles* foreclosed recognition of a new constitutional right applicable to defendant's case—thus, 28 U.S.C. § 2255(f)(3) cannot salvage defendant's motions. Defendant's § 2255 motions are dismissed.

Because defendant is not entitled to relief, the court denies his request for an evidentiary hearing. An evidentiary hearing is generally not required when "the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The existing record is sufficient for this court to resolve defendant's claims.

A certificate of appealability is not warranted in this case because reasonable jurists could not debate whether "the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citation omitted).

**IT IS THEREFORE ORDERED** that defendant Norman Shaw, Jr.'s pro se motions to vacate sentence pursuant to 28 U.S.C. § 2255 (Doc. 108) and for substantive relief based on *Johnson v. United States*, 135 S. Ct. 2551 (2015) (Doc. 109) are dismissed.

**IT IS FURTHER ORDERED** that defendant's motions to lift the stay (Docs. 118 and 121) are granted.

**IT IS FURTHER ORDERED** that the government's motion to dismiss defendant's motions (Doc. 122) is granted.

**IT IS FURTHER ORDERED** that defendant's request for an evidentiary hearing is denied.

**IT IS FURTHER ORDERED** that the court will not issue a certificate of appealability in this case.

Dated this 17th day of April, 2017, at Kansas City, Kansas.

        s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**