**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA,      ) | |
|     ) | |
| **Plaintiff,**     ) | |
|     ) | |
| **v.**     ) | |
|     ) | **Case No. 05-20073-CM (Criminal)** |
| **NORMAN SHAW, JR.,**     ) | **16-2437-CM (Civil)** |
|     ) | |
| **Defendant.**     ) | |
|     ) | |

## MEMORANDUM AND ORDER

This case is before the court on defendant Norman Shaw, Jr.'s Motion For Reconsideration of

28 U.S.C. § 2255(f)(3) & (f)(1) Pursuant to Fed. R. Civ. P. 59(e) (Doc. 124).

### I. Legal Standard

If a habeas petitioner files a Rule 59(e) or Rule 60(b) motion, the court must first examine

whether the motion is a true motion to alter or amend judgment or for relief from judgment. *United*

*States v. Pedraza*, 466 F.3d 932, 933 (10th Cir. 2006) ((discussing Rule 59(e)); *Spitnas v. Boone*, 464

F.3d 1213, 1216 (10th Cir. 2006) (applying Rule 60(b)).  The motion may actually be a second or

successive petition.  The question is whether the motion: (1) "in substance or effect asserts or reasserts

a federal basis for relief from the petitioner's underlying conviction"; or (2) challenges one of the

court's procedural rulings that precluded resolution of the habeas petition on its merits; or (3)

challenges "a defect in the integrity of the federal habeas proceeding, provided that such a challenge

does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition."

*Spitnas*, 464 F.3d at 1215–16.  Motions falling under the first category should be treated as second or

successive petitions.  Motions falling under the second or third category are treated as any other Rule

59(e) or 60(b) motion.

If the court finds that defendant's motion is actually a second or successive petition, then it treats it accordingly, referring the matter to the Tenth Circuit for authorization if "it is in the interest of justice to do so." *Id.* at 1217; *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008). If the motion is "mixed," the court will also take mixed action: treating the Rule 59(e) or 60(b) portions as such, and forwarding the remainder to the Tenth Circuit for authorization if appropriate. *Id.*

## II. Discussion

Defendant argues in his motion that the court erred in its rulings on defendant's § 2255 motion because "the residual clause has been eliminated from the Sentencing Guidelines at 4B1.2(a)(2)." (Doc. 124, at 3.) Defendant claims that his federal bank robbery falls under the force clause of U.S.S.G. § 4B1.2(a)(1), which contains identical language to the unconstitutional language found in the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii). *See Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015) (holding the residual clause of § 924(e)(2)(B)(ii) is unconstitutionally vague).

Defendant is not challenging a procedural ruling or defect in the integrity of the proceeding. Instead, he asks the court to revisit the merits of its prior rulings. For these reasons, the court determines that defendant's motion is properly construed as a second or successive petition.

Under 28 U.S.C. § 2255, federal prisoners seeking to file a second or successive motion must first obtain authorization from the court of appeals before the district court can consider the motion. *In re Cline*, 531 F.3d at 1250. When a second unauthorized § 2255 motion is filed, the court has discretion in determining whether to transfer the action to the circuit court or dismiss the action without prejudice. *See In re Cline*, 531 F.3d at 1251; *see also* 28 U.S.C. § 1631. "A transfer is not in the interest of justice when the claims raised in the successive petition clearly do not meet the requirements set forth in 28 U.S.C. § 2255(h)." *United States v. Lara-Jiminez*, 377 F. App'x 820, 822 (10th Cir. 2010) (citing *In re Cline*, 531 F.3d at 1252). Section 2255(h) identifies two situations in

which a second or successive motion is certifiable: (1) certain newly discovered evidence exists; or (2) certain new rules of constitutional law have been announced.

Defendant does not argue that newly discovered evidence exists. And the Supreme Court held in *Beckles v. United States*, 137 S. Ct. 886, 890 (2017), that the advisory sentencing guidelines are not subject to vagueness challenges under the due process clause. The court therefore finds that it is not in the interest of justice to transfer the case. The court dismisses defendant's motion without prejudice.

A certificate of appealability is not warranted in this case because reasonable jurists could not debate whether "the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citation omitted).

**IT IS THEREFORE ORDERED** that defendant Norman Shaw, Jr.'s Motion For Reconsideration of 28 U.S.C. § 2255(f)(3) & (f)(1) Pursuant to Fed. R. Civ. P. 59(e) (Doc. 124) is dismissed.

**IT IS FURTHER ORDERED** that the court will not issue a certificate of appealability in this case.

Dated this 17th day of May, 2017, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**
