**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**       ) | |
|                                     ) | |
|         **Plaintiff,**              ) | |
|                                     ) | |
|         **v.**                      ) | **Case No. 05-20073 (Criminal)** |
|                                     ) | **17-2413 (Civil)** |
| **NORMAN SHAW,**                    ) | |
|                                     ) | |
|         **Defendant.**              ) | |
|                                     ) | |

## MEMORANDUM AND ORDER

This closed criminal case is before the court on defendant Norman Shaw's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 130). Defendant asks the court to vacate his sentence because he received ineffective assistance of counsel during the plea negotiation stage of his 2005 case. Defendant claims that he was never placed in a photo line-up and was not notified before the government showed a photo of defendant to a bank employee and broadcast defendant's photo on the evening news. He also claims counsel should have pursued a diminished capacity departure in the plea agreement and should have filed a notice of appeal. Defendant acknowledges that his motion is filed significantly after his conviction (over ten years later), but claims that a new rule of law allows him to file his motion now, and without permission from the Tenth Circuit (which is required because this is his third § 2255 motion). In support, defendant relies on *Lee v. United States*, 137 S. Ct. 1958 (2017).

The instant motion is a successive § 2255 motion, which requires authorization from the Tenth Circuit before filing. *See* 28 U.S.C. § 2255(h). Defendant has not shown that he obtained such authorization. This court therefore lacks jurisdiction to consider the motion. *See United States v. Baker*, 718 F.3d 1204, 1206 (10th Cir. 2013).

Given this posture, the court must either dismiss defendant's claim for lack of jurisdiction or transfer the motion to the Tenth Circuit. *See United States v. Harper*, 545 F.3d 1230, 1232 (10th Cir. 2008). To transfer the motion, the court must first determine that such transfer would be "in the interests of justice." *Id*. This the court cannot do. Defendant's motion is time-barred, which strongly suggests that it would not be in the interests of justice to transfer. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). Simply stated, *Lee* does not offer defendant relief.

Section 2255 imposes a one-year limit on filing habeas motions. 28 U.S.C. § 2255(f). This limit, however, essentially "restarts" if the Supreme Court recognizes a new right, which has been "made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). "[A] case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final." *Teague v. Lane*, 489 U.S. 288, 301 (1989). But "*Teague* also made clear that a case does not announce a new rule, when it is merely an application of the principle that governed a prior decision to a different set of facts." *Chaidez v. United States*, 568 U.S. 342, 347–48 (2013) (internal citations and alterations omitted). *Lee* clarified how a defendant claiming ineffective assistance with a guilty plea may show prejudice. 137 S. Ct. at 1966. *Lee* merely applied the principles of *Hill v. Lockhart*, 474 U.S. 52 (1985), and *Strickland v. Washington*, 466 U.S. 668 (1984), to the "unusual circumstances" of the case; it did not announce a new rule. *See* 137 S. Ct. at 1966–67. *Lee* therefore does not provide an avenue for defendant to file his third § 2255 motion, over ten years after his conviction was final.

For the above reasons, the court (1) dismisses this action for lack of jurisdiction; (2) declines to transfer the action to the Tenth Circuit; and (3) declines to issue a certificate of appealability, to the extent a certificate is necessary in this case. A certificate of appealability is not warranted for this reason: Reasonable jurists could not debate whether "the petition should have been resolved in a

different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted).

**IT IS THEREFORE ORDERED** that defendant Norman Shaw's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 130) is dismissed without prejudice for lack of jurisdiction.

Dated this  29th   day of March 2018, at Kansas City, Kansas.

**s/ Carlos Murguia**  
**CARLOS MURGUIA**  
**United States District Judge**