IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05-20073-JWL |
| ) | |
| NORMAN SHAW, JR., ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant's motion for relief from a freeze placed on $550 in his inmate trust account (Doc. # 151) and the Government's motion for payment of that amount from the account to satisfy defendant's restitution obligation (Doc. # 154). For the reasons set forth below, the Court **grants** the Government's motion and orders the restitution payment from defendant's account. Defendant's motion is **denied as moot**.

In 2006, defendant was convicted in this Court of offenses relating to a bank robbery. He completed his term of imprisonment for those offenses, but he is presently serving a sentence imposed by another federal court. As set forth in the amended judgment, defendant's 2006 sentence included payment of restitution in the amount of $700, due according to the following schedule: payment to begin immediately; payment of at least 10 percent of the funds deposited each month into defendant's inmate trust fund account; and

for a period of three years after release from imprisonment, payment of at least five percent of defendant's gross monthly household income.[1] The Government states – and defendant does not dispute – that defendant's account recently had a balance of $1,569 and that $550 remains outstanding on defendant's restitution obligation. Defendant is scheduled for release in February 2022, and he states that his transfer to a halfway house has been scheduled for this month.

The Government requested that the Bureau of Prisons place a freeze on $550 in defendant's inmate trust fund account. Defendant then filed a motion in this Court seeking relief from the freeze, on the grounds that the taking of his property without a Court order would violate due process and that he needs the funds for his transition to the halfway house. The Government responded that the funds were frozen in anticipation of a motion, and it subsequently filed the motion for an order compelling payment of the $550 to satisfy the remainder of defendant's restitution obligation.

First, the Court denies defendant's motion as moot. The Government's motion has put the issue of the restitution payment before the Court, and defendant has had the opportunity to litigate the issue (and has in fact filed two briefs in response to the motion), thereby satisfying any due process concerns.

The Court then turns to the Government's motion. As the Government notes, an order of restitution creates a lien on defendant's property. *See* 18 U.S.C. § 3613(c). An order of restitution may be enforced by any available and reasonable means. *See id.* §

---

[1] This case was reassigned to the undersigned judge in 2020.

3664(m)(1)(A). The Government has not shown, however, that defendant has violated the terms of the Court's restitution order. The Court ordered payment of restitution according to a certain schedule, and the Government has not shown or even alleged that defendant has failed to comply with that schedule. Indeed, the Government has not submitted any records of defendant's trust account or otherwise provided any information concerning deposits to and restitution payments from that account. Accordingly, there is no basis to compel payment by defendant to cure a violation of the restitution judgment or to enforce the schedule set forth in that judgment.

The Government also invokes 18 U.S.C. § 3664(n), which provides as follows:

> If a person obligated to provide restitution . . . receives substantial resources from any source . . . during a period of incarceration, such person shall be required to apply the value of such resources to any restitution . . . still owed.

*See id.* The Government argues that defendant's account holds "substantial resources" that should be applied to satisfy the restitution balance under Section 3664(n), although it cites no caselaw to support such an interpretation of the "substantial resources" standard. Defendant disputes that his resources are "substantial", he notes that he has been making restitution payments of $25 per quarter under a Bureau of Prisons program, and he argues that he needs all of his funds for his transition to the halfway house.

Section 3664(n) does not require that the defendant be in violation of the restitution order for application of substantial resources to that obligation; thus, the fact that defendant has not been shown to have violated the Court's judgment is not relevant to the Government's request for payment under this statute. *See United States v. Cooper*, 2006 WL 3512936, at *3 (D. Kan. Nov. 1, 2006) (citing cases).

3

In *United States v. Elwood*, 757 F. App'x 731 (10th Cir. 2018) (unpub. op.), the Tenth Circuit held that the defendant was obligated under Section 3664(n) to pay $1,297.90 from his inmate trust account, in which he had accumulated $3,250.42, to pay his outstanding restitution balance. *See id.* at 736. The Court rejected the defendant's argument that the funds were not the result of a windfall, as the statute requires payment of substantial resources "from any source." *See id.* at 736 n.5. The Court also rejected the defendant's argument that the funds were not "substantial"; the Court stated that "substantiality isn't measured in absolute terms alone," and that "resources are substantial if they positively exceed the sums needed by a criminal defendant to satisfy the financial obligations established at the time of sentencing." *See id.* (internal quotations and citation omitted). This unpublished opinion by the Tenth Circuit is not precedential, but it does hold persuasive value; and the Court agrees that substantiality for purposes of Section 3664(n) should be determined by consideration also of the extent by which the defendant's available funds exceed the remaining balance of the restitution obligation. As in *Elwood*, defendant in this case holds in his account more than twice the amount needed to pay off his restitution obligation, and the Court concludes that defendant holds "substantial resources" that must be used to pay restitution under Section 3664(n). The greater part of his account balance will still be available to defendant for his needs as he transitions from prison.

The Court's conclusion is also supported by the outcome in *United States v. Thornburgh*, 764 F. App'x 655 (10th Cir. 2019) (unpub. op.), in which the Tenth Circuit affirmed a district court's order under Section 3664(n) compelling payment of all but $100

from an inmate's trust fund account containing over $3,000 in partial satisfaction of the inmate's restitution obligation. *See id.* at 657. Moreover, defendant concedes that $1,400 of his total funds came from a coronavirus relief stimulus payment in 2021, and courts have required such payments to be applied to restitution obligations, either as "substantial resources" under Section 3664(n) or because of a "material change" in the defendant's economic circumstances that would allow for the Court's adjustment of the payment schedule in the interests of justice under 18 U.S.C. § 3664(k). *See, e.g.*, *United States v. Brown*, 2021 WL 1945855, at *2 (E.D. Mo. May 14, 2021); *United States v. Kieffer*, 2021 WL 1758815, at *1 (S.D. Ill. May 4, 2021). The Court concludes that defendant's $1,400 windfall constitutes substantial resources that must be used to pay off his restitution obligation under Section 3664(n).[2]

Accordingly, the Government's motion is granted. The Bureau of Prisons is ordered to pay $550 from defendant's inmate trust fund account to the Clerk of this Court to satisfy defendant's outstanding restitution obligation.

IT IS THEREFORE ORDERD BY THE COURT THAT the Government's motion to compel a restitution payment from defendant's inmate trust account in the amount of

---

[2] In *Elwood*, the Tenth Circuit stated that the district court could also have compelled the restitution payment under Section 3664(k)'s "material change" provision. *See Elwood*, 757 F. App'x at 736. Similarly, in the present case, even if Section 3664(n) did not compel the payment, the Court would nevertheless modify defendant's restitution payment schedule and order the payment under Section 3664(k) based on the material change in defendant's economic circumstances affecting his ability to pay restitution that has taken place because of the receipt of the stimulus check. *See* 18 U.S.C. § 3664(k).

$550 (Doc. # 154) is hereby **granted**.  The Bureau of Prisons is ordered to pay that amount from the account to the Clerk of the Court in satisfaction of defendant's restitution obligation.

IT IS FURTHER ORDERED BY THE COURT THAT defendant's motion for relief (Doc. # 151) is hereby **denied as moot**.

IT IS SO ORDERED.

Dated this 26th day of July, 2021, in Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge