IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff,**

v.                                              Case No. 05-20073-JWL

**Norman Shaw, Jr.,**

      **Defendant.**

**MEMORANDUM & ORDER**

On November 8, 2022, the court revoked defendant's supervised release after finding defendant in violation of the terms of his supervised release. The court sentenced defendant to twenty-one months imprisonment and one year of supervised release. This matter is presently before the court on numerous pro se motions filed by defendant—a motion to correct sentence pursuant to Rule 35(a) (doc. 187); a motion for relief from judgment pursuant to Rule 60(b) (doc. 189); a motion to amend his previously filed motion to correct sentence pursuant to Rule 35(a) (doc. 199); a motion to appoint counsel for a limited purpose (doc. 203); and a motion for "interstate compact agreement" in which he seeks to transfer his supervision to another district (doc. 214). As will be explained, the motion to appoint counsel is denied and all other motions are dismissed for lack of jurisdiction.

*Background*

In April 2006, defendant pled guilty to entering a bank with the intent to rob it and bank robbery in violation of 18 U.S.C. § 2113(a). In July 2006, the district judge assigned to the case

at the time sentenced defendant to 165 months imprisonment followed by three years of supervised release. While incarcerated, defendant was convicted of possessing heroin in a federal correctional institution. He was sentenced in the Central District of Illinois to 60 months imprisonment to run consecutive to the sentence imposed in this case. In February 2022, the United States Probation Office ("USPO") commenced supervising defendant on his term of supervised release.

On October 18, 2022, the USPO petitioned the court to issue a warrant for defendant's arrest based on alleged violations of his supervised release conditions, including allegations that he unlawfully used amphetamine, methamphetamine, and cocaine during his term of supervision (herein referred to collectively as "unlawful-use violation"). Subsequently, the USPO issued a violation report alleging the same violation. More specifically, the violation report alleged that defendant had submitted 15 qualifying positive drug tests for these drugs. The USPO characterized the unlawful-use violation as a "Grade B" violation because defendant's conduct was punishable by more than one year in prison based on a prior drug conviction in Jackson County Circuit Court in Kansas City, Missouri. *See* U.S.S.G. § 7B1.1(a)(2) (defining a Grade B violation as "conduct constituting any other federal, state, or local offense punishable by a term of imprisonment exceeding one year"); 21 U.S.C. § 844(a) (possession of a controlled substance is punishable by up to two years in prison for defendants with prior controlled substance convictions).

On November 7, 2022, the court conducted a hearing on these violations. Defendant was represented by counsel. At that hearing, defendant's supervising probation officer, Kelsey

McCune, testified, among other things, that defendant had either tested positive or admitted to using amphetamine, methamphetamine, and cocaine numerous times while he was on supervised release, in violation of the condition of his supervised release that he not unlawfully possess a controlled substance. Defendant did not contest these allegations or present evidence on his behalf. He did, however, argue that the government had not provided sufficient evidence that the violation was a Grade B violation. According to defendant, the government had not met its burden of proof with respect to defendant's prior conviction in Jackson County and, without sufficient evidence of that conviction, the violation constituted only a Grade C violation because the conduct was not punishable by a term of imprisonment greater than one year. *See* 21 U.S.C. § 844.

After counsel made this argument, the court suggested that the hearing be continued to establish the prior conviction and asked counsel, "Would you like to do that?" (Trans. at 22.) Counsel then conferred with defendant and explained that "[h]e admits he has that conviction," but "[h]e doesn't think it should count as a prior because of its age, 'cause it's 20 years old, but he wants to proceed today." *Id*. The court then confirmed with defendant that he had stipulated that the conviction occurred:

> Court: All right. So is it correct, Mr. Shaw, that you stipulate and agree that that conviction did occur?
>
> Defendant: Yes, Your Honor.
>
> Court: And I don't need to hear anymore about it, 'cause I want you to talk to your lawyer in that respect, but I'm simply asking that in Paragraph Number—excuse me—3[3], it alleges a prior drug conviction in Jackson County Circuit Court, Kansas City, Missouri, with a particular docket number. You indicated you'd read the violation report. That particular conviction is true and correct, then, from your knowledge; is that correct?
>
> Defendant: Yes, 2002; it happened in 2002, Your Honor, yes.

>   Court: Thank you very much.

*Id*. at 23.  The court ultimately found that defendant had violated the terms of his supervised release and revoked it.  The court further found that defendant's highest grade of violation—the unlawful-use violation—was a Grade B, and his criminal history category was VI, for which the Guidelines policy statement recommended a term of 21-27 months imprisonment.  The court sentenced defendant to 21 months imprisonment followed by a term of 12 months of supervised release. Defendant filed a notice of his intent to appeal his revocation sentence.  The Circuit has abated that appeal pending this court's resolution of defendant's motions.

*Motions to Modify Sentence and Related Motion to Appoint Counsel*

Defendant has filed three separate motions in an effort to modify his sentence.  In each of those motions, defendant asserts the same overarching claim—that the court erred in relying on his 2002 Missouri drug conviction to enhance his sentence from a Grade C violation to a Grade B violation.  In support of his claim, defendant sets forth a host of theories.  In his motion to correct sentence pursuant to Federal Rule of Criminal Procedure 35(a) (doc. 187) and his motion for relief from judgment or order pursuant to Federal Rule of Civil Procedure 60(b)(1) through (6) (doc. 189), defendant contends that his Missouri conviction was not a qualifying drug conviction under 21 U.S.C. § 844 because he pleaded guilty to a suspended imposition of sentence, which under Missouri law is not a conviction;[1] that the government offered no evidence of the conviction;  that

---

[1] In response, the government has submitted evidence demonstrating that defendant received a suspended execution of sentence, not a suspended imposition of sentence.

4

the court had no basis upon which to find that he had sustained the prior conviction; that the court should have consulted the "Shepard's documents" from the prior conviction; that he did not receive adequate notice that the government intended to rely on the prior conviction; and that simple possession of a drug does not qualify as a "controlled substance offense" under the Guidelines if there is no intent to manufacture, import, export, distribute, or dispense the drug. He also complains in these motions that the court did not use the categorical or modified categorical approach to decide if his prior conviction qualified as a "controlled substance offense" as required under Supreme Court caselaw, an argument that he fleshes out in greater detail in his motion to amend his previously filed motion to correct sentence pursuant to Rule 35(a) (doc. 199).[2]  Based on these asserted errors, defendant requests the court vacate his sentence, classify his unlawful-use violation as a Grade C violation, and resentence him to a substantially lower sentence.

A federal court may modify a defendant's sentence only where Congress has expressly authorized it to do so. *United States v. Gay*, 771 F.3d 681, 686 (10th Cir. 2014). Congress has set forth three limited circumstances in which a court may modify a sentence: (1) upon motion of

---

[2] Defendant has filed a motion to appoint counsel (doc. 203) for the limited purpose of assisting him with his motion to amend his previously filed motion to correct sentence pursuant to Rule 35(a). That motion is denied. There is no right to counsel at this stage of the proceedings and because the court clearly lacks jurisdiction over the motion (as will be explained), the assistance of counsel would not benefit defendant in any event. *See Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973) (constitutional right to counsel in revocation proceedings exists only when the defendant makes a colorable claim that he has not committed the alleged violation of the conditions upon which he is at liberty; or that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate); Fed. R. Crim. P. 32.1(b)(2)(D) (right to counsel at revocation hearing); 18 U.S.C. § 3006A(a)(1)(E) (including supervised release violation proceedings in plan for furnishing representation at government expense).

the Director of the Bureau of Prisons in extraordinary circumstances or where defendant has reached 70 years of age and has served at least 30 years in prison; (2) when "expressly permitted by statute or by Rule 35;" and (3) when defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(1), (2); *see also United States v. Hendrix*, 630 Fed. Appx. 816 (10th Cir. Oct. 28, 2015) (district court could modify revocation sentence only if it derived its jurisdiction from a statutory exception).

Defendant contends that the court can modify his revocation sentence under Federal Rule of Criminal Procedure 35(a) and/or Federal Rule of Civil Procedure 60(b).  But neither rule permits the modification requested.  Under Rule 35(a), a court may "correct a sentence that resulted from arithmetical, technical, or other clear error" within fourteen days after the "oral announcement of the sentence."  Fed. R. Crim. P. 35(a), (c). Such post-judgment sentence corrections are "intended to be very narrow and to extend only to those cases in which an obvious error or mistake has occurred in the sentence." *United States v. McGaughy*, 670 F.3d 1149, 1158 (10th Cir. 2012).  A "sentencing court may not alter a sentence for substantive reasons after it has been verbally imposed; . . . Rule 35(a) does not provide a basis for a court to simply reconsider its sentencing decision." *United States v. Mendoza*, 543 F.3d 1186, 1196 (10th Cir. 2008); *see* Fed. R. Crim. P. 35 advisory committee's notes ("[Rule 35(a)] is not intended to afford the court the opportunity to reconsider the application or interpretation of the sentencing guidelines or for the court simply to change its mind about the appropriateness of the sentence.").  Simply put, a "district court [may] not use Rule 35 to re-open issues previously resolved at sentencing," *United States v. Bedonie*, 413 F.3d 1126, 1129 (10th Cir. 2005); and "the rule does not afford the court

6

or the parties a second bite at the sentencing apple," *United States v. Hendrix*, 630 Fed. Appx. 816, 818 (10th Cir. 2015).

In his motions, defendant is clearly asking the court for a substantive modification of his sentence based on his claim that the court erred in relying on defendant's 2002 Missouri drug conviction to enhance his sentence from a Grade C violation to a Grade B violation. He does not assert a calculation error or an obvious mistake, but seeks an altered, lesser sentence for substantive reasons. Defendant's motions, then, are far beyond the limited reach of Rule 35(a). *See Mendoza*, 543 F.3d at 1196. In other words, defendant's claim that the court erred in classifying defendant's unlawful-use violation as a Grade B violation in light of his substantive arguments about his prior conviction is not the type of error contemplated by Rule 35(a). *See Hendrix*, 630 Fed. Appx. at 818-19.

Similarly, Federal Rule of Civil Procedure Rule 60(b) does not authorize the court to provide the relief sought by defendant. The Circuit has expressly held that Rule 60(b) is inapplicable to criminal cases:

> Rule 60(b) has no applicability to a criminal proceeding. While a court always has jurisdiction to determine whether it has jurisdiction, Rule 60(b) is not an independent source of jurisdiction in a criminal case. The rule certainly [is] insufficient to confer jurisdiction on the district court when the existence of a prior pending appeal had transferred jurisdiction months before to our court. More specifically, and in any event, that rule did not confer jurisdiction at all, either as a threshold matter or as a vehicle for relief.

*United States v. Triplett*, 166 Fed. Appx. 362, 365-66 (10th Cir. 2006). Accordingly, this court has no jurisdiction to address the merits of defendant's arguments within the framework of Rule 60(b). *See United States v. Grigsby*, 854 Fed. Appx. 249, 254 (10th Cir. 2021) ("Rule 60(b) simply

7

does not provide for relief from judgment in a criminal case") (quoting *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998)).

In sum, because defendant has not shown a basis for the court's jurisdiction to address defendant's claim that the court erred in relying on defendant's 2002 Missouri drug conviction to enhance his sentence from a Grade C violation to a Grade B violation, the court must dismiss the motion to correct sentence pursuant to Rule 35(a); the motion for relief from judgment pursuant to Rule 60(b); and the motion to amend his previously filed motion to correct sentence pursuant to Rule 35(a).

Even if defendant could establish the court's jurisdiction, which he cannot, the court would nonetheless deny defendant's motions. Defendant asserts that the court erred in concluding that defendant's unlawful-use violation was a Grade B violation. It did not. Defendant clearly stipulated on the record that the 2002 Missouri conviction occurred. Thus, the Missouri conviction was a "prior [final] conviction for any drug, narcotic, or chemical offense chargeable under the law of any State," 21 U.S.C. § 844(a), which triggered an enhanced sentence in excess of one year under § 844(a). Therefore, his conduct in using controlled substances while on supervised release was "conduct constituting any other federal, state, or local offense punishable by a term of imprisonment exceeding one year," U.S.S.G. § 7B1.1(a)(2), which qualified his unlawful-use violation as a Grade B, *id*. To the extent defendant contends now that his Missouri conviction was somehow not really a conviction or that insufficient evidence supported the conviction, his stipulation on the record after questioning from the court precludes such arguments. By admitting the conviction occurred, defendant abandoned any claim that the government failed to offer sufficiently reliable proof of its existence and relieved the government

8

of its burden to adduce any further evidence of the conviction. The admission of the conviction was dispositive evidence that he had sustained it. *See United States v. Nicholson*, 775 Fed. Appx. 403, 408 (10th Cir. 2019) (stipulations made at revocation hearing were "tantamount to an unconditional guilty plea" and amounted to a waiver of all non-jurisdictional defenses) (citing *United States v. Livingston*, 586 F.3d 819, 822 (10th Cir. 2009)); *cf. Blakely v. Washington*, 542 U.S. 296, 303 (2004) (sentencing judge may impose statutory maximum sentence on the basis of facts "admitted by the defendant").[3]

Defendant's argument that his prior conviction does not qualify as a "controlled substance offense" under the Guidelines is misplaced because the pertinent Guidelines policy statement does not require the court to make that determination in classifying the violation as a Grade B violation. No guideline or statute required a predicate finding that his prior Missouri conviction was a "controlled substance offense." Section 7B.1(a)(2), which defines a Grade B violation, does not utilize this phrase; rather it states only that a Grade B violation is based on "conduct constituting any other federal, state, or local offense punishable by a term of imprisonment exceeding one year." Section 844(a), which defines the universe of qualifying prior convictions, does not utilize the phrase either; rather, it denominates a qualifying prior conviction to include one "for any drug, narcotic, or chemical offense chargeable under the law of any State." This argument, then, is

---

[3] Defendant does not suggest and nothing in the record indicates that defendant's stipulation was not knowing and voluntary or that there was any error in the court's acceptance of defendant's stipulation. *See United States v. Mitchell*, 752 Fed. Appx. 598, 601 (10th Cir. 2018) (dismissing appeal from revocation sentence in the absence of evidence that stipulations the defendant made during the final revocation hearing were not knowing and voluntary or that the district court's findings relating to those admissions are erroneous; no other nonfrivolous basis for appeal existed).

simply not relevant to the court's classification of defendant's unlawful-use violation as a Grade B violation. Finally, defendant complains that the court did not use the categorical or modified categorical approach to decide if his prior conviction qualified as a "controlled substance offense" under federal law. As just explained, neither the guideline nor the statute required the court to determine whether defendant's prior Missouri conviction was a "controlled substance offense." Thus, the court had no reason to apply either the categorical or modified categorical approach, concepts which come into play only when a court must determine whether the elements of a defendant's conviction for a state offense match the elements of a generically defined federal offense. Classifying defendant's unlawful-use violation as a Grade B violation did not require the court to compare the elements of defendant's prior Missouri conviction with any federally defined offense to determine whether it was a generic match.

For the foregoing reasons, even if defendant could establish that the court had jurisdiction to resolve his motions, the court would nonetheless deny those motions on the merits.

*Motion to Transfer Supervision*

In his final motion, which defendant labels as a "motion for interstate compact agreement," defendant seeks to be released to the Western District of Missouri following his confinement. To the extent that defendant wishes to be supervised in Missouri after his release, he may file a motion to that end at that time. The court is not authorized to transfer defendant's supervision until he is released from custody. *See United States v. Jones*, 766 Fed. Appx. 671, 674 (10th Cir. Mar. 29, 2019) (transfer of jurisdiction over a defendant's supervision from one district to another is only

possible when the defendant is actually released from custody) (citing 18 U.S.C. § 3605). This motion, then, is dismissed.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion to correct sentence pursuant to Rule 35(a) **(doc. 187);** defendant's motion for relief from judgment pursuant to Rule 60(b) **(doc. 189);** defendant's motion to amend his previously filed motion to correct sentence pursuant to Rule 35(a) **(doc. 199);** and defendant's motion for interstate compact agreement (or, to transfer supervision following confinement) **(doc. 214) are all dismissed for lack of jurisdiction**.  Defendant's motion to appoint counsel for a limited purpose **(doc. 203)** is **denied**.

**IT IS SO ORDERED.**

Dated this 21st day of February, 2023, at Kansas City, Kansas.

　　　　　　　　　　　　　　　　　　　__*s/ John W. Lungstrum*_____
　　　　　　　　　　　　　　　　　　　John W. Lungstrum
　　　　　　　　　　　　　　　　　　　United States District Judge