IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff,**

**v.**                               Case No. 05-20073-JWL

**Norman Shaw, Jr.,**

      **Defendant.**

## MEMORANDUM & ORDER

On November 8, 2022, the court revoked defendant's supervised release after finding defendant in violation of the terms of his supervised release. The court sentenced defendant to twenty-one months imprisonment and one year of supervised release. This matter is now before the court on defendant's pro se motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 231). In his motion, he asks the court to vacate his 2002 Missouri drug conviction used to enhance his sentence from a Grade C violation to a Grade B violation. Because the Supreme Court has held that an expired state conviction cannot be collaterally attacked in a § 2255 motion, see *Daniels v. United States*, 532 U.S. 374, 384 (2001),[1] the motion is summarily dismissed for lack of jurisdiction.

Rule 11 of the Rules Governing Section 2255 Proceedings states that the court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "A

---

[1] *Daniels* recognized one exception to this rule that does not apply here. "If an enhanced federal sentence will be based in part on a prior conviction obtained in violation of the right to counsel, the defendant may challenge the validity of his prior conviction during his federal sentencing proceedings" and then in a § 2255 proceeding. 532 U.S. at 382–83.

certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If the district court, as it has done here, denies a habeas petition on procedural grounds without reaching the merits of petitioner's underlying constitutional claim, "the prisoner must show both (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling' *and* (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" *United States v. Park*, 727 Fed. Appx. 526, 528 (10th Cir. 2018) (emphasis in original) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  The court concludes that defendant has not satisfied these standards and, therefore, denies a certificate of appealability.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for intervening change in law (doc. 231) is **dismissed** and a **certificate of appealability is denied**.

**IT IS SO ORDERED.**

Dated this 31st day of May, 2023, at Kansas City, Kansas.

        s/John W. Lungstrum
HON. JOHN W. LUNGSTRUM
United States District Judge