IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff,**

**v.**                                                                             **Case No. 05-20073-JWL**

**Norman Shaw, Jr.,**

      **Defendant.**

## **MEMORANDUM & ORDER**

On November 8, 2022, the court revoked defendant's supervised release after finding defendant in violation of the terms of his supervised release. The court sentenced defendant to twenty-one months imprisonment and one year of supervised release. The Tenth Circuit affirmed that sentence on appeal. *United States v. Shaw*, 2023 WL 3335596 (10th Cir. May 10, 2023). Defendant has now filed a motion "for intervening change in law" (doc. 234) in which he contends that his Missouri conviction used to enhance his sentence to a Grade B violation is not a "serious drug offense" under the ACCA and that his prior convictions are too old to count in his criminal history score under U.S.S.G. § 4A1.2(e).  He asks the court to reclassify his violation as a Grade C violation and to resentence him accordingly.

For two reasons, the court dismisses the motion.  First, the Tenth Circuit, in connection with defendant's appeal, addressed and rejected both of the arguments defendant now raises here. *See id*. at *3-4 & n.7 (categorical approach applicable to serious drug offenses under the ACCA does not pertain to § 844(a); § 4A1.2(e) does not apply to § 844(a) and has no bearing on sentence).

Thus, under the law of the case doctrine, the court cannot consider the arguments advanced by defendant. *United States v. Miller*, 891 F.3d 1220, 1241 (10th Cir. 2018) ("The law of the case doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.").

Second, a federal court may modify a defendant's sentence only where Congress has expressly authorized it to do so. *United States v. Gay*, 771 F.3d 681, 686 (10th Cir. 2014). Congress has set forth three limited circumstances in which a court may modify a sentence: (1) upon motion of the Director of the Bureau of Prisons in extraordinary circumstances or where defendant has reached 70 years of age and has served at least 30 years in prison; (2) when "expressly permitted by statute or by Rule 35;" and (3) when defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(1), (2). The defendant has not shown that any of these exceptions apply here.

In sum, because the defendant has not shown a basis for the court's jurisdiction, the court must dismiss his motion.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for "for intervening change in law (doc. 234) is dismissed for lack of jurisdiction.

 IS SO ORDERED.

Dated this 5th day of September, 2023, at Kansas City, Kansas.

      s/John W. Lungstrum
HON. JOHN W. LUNGSTRUM
United States District Judge