IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

       **Plaintiff,**

**v.**                                                              **Case No. 05-20073-JWL**

**Norman Shaw, Jr.,**

       **Defendant.**

## MEMORANDUM & ORDER

On November 8, 2022, the court revoked defendant's supervised release after finding defendant in violation of the terms of his supervised release. The court sentenced defendant to twenty-one months imprisonment and one year of supervised release. The Tenth Circuit affirmed that sentence on appeal. *United States v. Shaw*, 2023 WL 3335596 (10th Cir. May 10, 2023). Defendant has now filed a motion for modification of sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821. The motion is dismissed.

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *See United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). Section 3582 allows for a possible sentence reduction for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." See 18 U.S.C. § 3582(c)(2). In his motion, defendant argues that his original term of imprisonment would be lower based on Amendment 821. However, once a defendant serves his original term of imprisonment, the court

no longer has authority to modify that portion of his sentence. *United States v. Dahda*, 2022 WL 4079021, at *4 (D. Kan. Sept. 6, 2022) (citing *United States v. Wilson*, 799 Fed. Appx. 792, 794 (11th Cir. 2020) ("Our authority to grant § 3582(c)(2) relief to [defendant] vanished once he served his entire term of imprisonment, regardless of whether he is on supervised release as a result of his conviction."); *United States v. Martin*, 974 F.3d 124, 144 (2d Cir. 2020) ("If Congress intended to permit the retroactive modification of a sentence that has already been served, it could have done so.")). Because defendant is no longer in custody on a sentence that was arguably based on a sentencing range the Sentencing Commission lowered subsequent to defendant's sentencing, the court lacks jurisdiction to grant defendant relief under 18 U.S.C. § 3582(c)(2). *See United States v. Williams*, 367 Fed. Appx. 967, 968 (10th Cir. 2010) (affirming district court's denial of § 3582(c)(2) motion filed by defendant serving revocation sentence; current term of incarceration was based on noncompliance with the terms of his supervised release, not on the drug quantity table set forth in U.S.S.G. § 2D1.1(c)).

In any event, Amendment 821 would not alter defendant's original sentence or his revocation sentence. Defendant's criminal history score of VI was based entirely on defendant's career offender status under U.S.S.G. § 4B1.1. In fact, as expressly noted in defendant's PSR, his criminal history points and calculation were included in the PSR "for reference only."

In sum, because the defendant has not shown a basis for the court's jurisdiction, the court must dismiss his motion.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for modification of sentence pursuant to 18 U.S.C. § 3582(c)(2) (doc. 239) is dismissed for lack of jurisdiction.

**IS SO ORDERED.**

Dated this 28th day of November, 2023, at Kansas City, Kansas.

                                                s/John W. Lungstrum
                                        HON. JOHN W. LUNGSTRUM
                                        United States District Judge